THE ATTORNEY GENERAL HAS RECEIVED YOUR REQUEST FOR AN INFORMAL OPINION IN WHICH YOU ASK THE FOLLOWING QUESTIONS:
 1. MAY A MEMBER OF THE LEGISLATURE SERVE ON THE BOARD OF A PRIVATE NONPROFIT ORGANIZATION RECEIVING NO COMPENSATION FOR SUCH MEMBERSHIP, BUT WHICH BOARD CONTRACTS WITH THE STATE FOR SERVICES?
 2. IF THE ANSWER TO THE FIRST QUESTION IS YES, THEN IS SUCH LEGISLATIVE MEMBER RESTRICTED ON VOTING ON APPROPRIATIONS FOR THE CONTRACTS OR ON OTHER MATTERS OF CONCERN TO THE BOARD.
THE RESPONSE TO THESE QUESTIONS REQUIRES A CONSIDERATION OF ARTICLE V, SECTION 23/ARTICLE V, SECTION 24 OF THE OKLAHOMA CONSTITUTION, AS WELL AS 74 O.S. 4246, WHICH PRECLUDES LEGISLATORS FROM ENGAGING IN CERTAIN ACTIVITIES.
ARTICLE V, SECTION 23 OF THE OKLAHOMA CONSTITUTION PROVIDES, IN PERTINENT PART:
 "NO MEMBER OF THE LEGISLATURE SHALL, DURING THE TERM FOR WHICH . . . HE SHALL HAVE BEEN ELECTED OR WITHIN TWO YEARS THEREAFTER, BE INTERESTED DIRECTLY OR INDIRECTLY, IN ANY CONTRACT WITH THE STATE OR ANY COUNTY OR OTHER SUBDIVISION THEREOF, AUTHORIZED BY LAW PASSED DURING THE TERM FOR WHICH HE SHALL HAVE BEEN ELECTED."
ARTICLE V, SECTION 24, PROVIDES:
 "A MEMBER OF THE LEGISLATURE, WHO HAS A PERSONAL OR PRIVATE INTEREST IN ANY MEASURE OR BILL, PROPOSED PENDING BEFORE THE LEGISLATURE, SHALL DISCLOSE THE FACT TO THE HOUSE OF WHICH HE IS A MEMBER, AND SHALL NOT VOTE THEREON."
 TITLE 74 O.S. 4246, OKLAHOMA STATUTES PROVIDES, IN PERTINENT PART:
"LEGISLATORS — PROHIBITED ACTS
NO LEGISLATOR SHALL:
 (A) INTRODUCE. PROMOTE OR VOTE FOR ANY PROPOSED SPECIAL INTEREST LEGISLATION ON HIS OWN BEHALF. OR ON BEHALF OF ANY OTHER PERSON CORPORATION. PARTNERSHIP. TRUST OR BUSINESS ENTITY WHICH DIRECTLY AFFECTS SUCH LEGISLATOR OR IN WHICH SUCH LEGISLATOR HAS OR MAY HAVE ANY SUBSTANTIAL FINANCIAL INTERESTS OTHER THAN LEGISLATION AFFECTING LEGISLATIVE SALARIES, EXPENSES AND ALLOWANCES; PROVIDED, THAT THIS PROVISION SHALL NOT PRECLUDE A LEGISLATOR FROM INTRODUCING, PROMOTING OR VOTING FOR ANY PROPOSED GENERAL LEGISLATION WHICH DIRECTLY AFFECTS HIM OR IN WHICH HE HAS OR MAY HAVE ANY SUBSTANTIAL FINANCIAL INTEREST;
 (C) USE HIS OFFICIAL POSITION TO SECURE SPECIAL PRIVILEGES, EXEMPTIONS OR COMPENSATION FOR HIMSELF, EXCEPT AS MAY BE PROVIDED BY LAW;
 (G) ACCEPT OTHER EMPLOYMENT WHICH WOULD IMPAIR HIS INDEPENDENCE OF JUDGMENT IN THE PERFORMANCE OF HIS PUBLIC DUTIES (EMPHASIS ADDED)"
YOUR FIRST QUESTION RAISES THE ISSUE OF WHETHER A MEMBER OF THE LEGISLATURE MAY SERVE AS A NON-PAID MEMBER OF THE BOARD OF A PRIVATE, NON-PROFIT ORGANIZATION WHICH CONTRACTS WITH THE STATE FOR SERVICES. ARTICLE V, SECTION 23, PROHIBITS A MEMBER OF THE LEGISLATURE FROM BEING INTERESTED, DIRECTLY OR INDIRECTLY IN ANY CONTRACT WITH THE STATE AUTHORIZED BY LAW AND PASSED DURING THE TERM FOR WHICH THE LEGISLATOR WAS ELECTED. IN A 1963 OPINION, THE ATTORNEY GENERAL CONSTRUED THIS CONSTITUTIONAL PROVISION TO PROHIBIT A LEGISLATOR FROM DERIVING ANY PECUNIARY BENEFIT FROM APPROPRIATIONS MADE WHILE HE WAS A MEMBER. A.G. OPINION NO. 63-370, ISSUED OCTOBER 4, 1963. THIS HOLDING WAS UPHELD BY THE OKLAHOMA SUPREME COURT IN STATE OF OKLAHOMA EX REL. SETTLES V. BOARD OF EDUCATION. MCCURTAIN COUNTY. OKLAHOMA, 389 P.2D 356 (1964), AND HAS BEEN REAFFIRMED IN SUBSEQUENT OPINIONS OF THE ATTORNEY GENERAL. E.A., OPINION NO. 82-073, ISSUED FEBRUARY 10, 1982; OPINION NO. 72-288, ISSUED JANUARY 16, 1973. YOU ARE A NON-PAID MEMBER OF THE BOARD OF THE NONPROFIT CORPORATION, AND IT IS MY UNDERSTANDING THAT YOU OBTAIN NO PECUNIARY BENEFIT FROM ANY CONTRACTS THAT MAY EXIST BETWEEN THE ORGANIZATION AND THE STATE. CONSISTENT WITH THESE PRIOR ATTORNEY GENERAL INTERPRETATIONS AND COURT DECISIONS, I BELIEVE THAT YOUR SERVICE AS A NON-PAID MEMBER OF THE BOARD WOULD NOT IN AND OF ITSELF GIVE YOU AN "INTEREST" IN ANY CONTRACTS BETWEEN THE NONPROFIT ORGANIZATION AND THE STATE THAT WOULD VIOLATE ARTICLE V, SECTION 23.
YOUR SECOND QUESTION IS WHETHER A LEGISLATOR IS PROHIBITED FROM VOTING ON ISSUES AFFECTING APPROPRIATION FOR THE CONTRACTS BETWEEN THE STATE AND THE NON-PROFIT ORGANIZATION ON WHICH THE LEGISLATOR SERVES AS A BOARD MEMBER. AS DISCUSSED EARLIER, ARTICLE V, SECTION 24, OF THE OKLAHOMA CONSTITUTION PROHIBITS A LEGISLATOR FROM VOTING ON ANY MEASURE OR BILL IN WHICH HE HAS A PERSONAL OR PRIVATE INTEREST. THE RELEVANT PROVISIONS OF 74 O.S. 4246 (1990) PROHIBIT A LEGISLATOR FROM (1) INTRODUCING, PROMOTING OR VOTING FOR ANY PROPOSED SPECIAL INTEREST LEGISLATION ON HIS OWN BEHALF, OR ON BEHALF OF ANY CORPORATION OR BUSINESS ENTITY WHICH "DIRECTLY AFFECTS SUCH LEGISLATOR OR IN WHICH SUCH LEGISLATOR HAS OR MAY HAVE ANY SUBSTANTIAL FINANCIAL INTERESTS"; (2) USING HIS OFFICIAL POSITION TO SECURE SPECIAL PRIVILEGES, EXEMPTION, OR COMPENSATION FOR HIMSELF; AND (3) ACCEPTING OTHER EMPLOYMENT WHICH WOULD IMPAIR HIS INDEPENDENCE OF JUDGMENT IN PERFORMANCE OF HIS PUBLIC DUTIES. 74 O.S. 4246(A)/74 O.S. 4246(C)/74 O.S. 4246(G).
WHETHER YOUR SERVICE ON THE BOARD OF THE NON-PROFIT ORGANIZATION CONSTITUTES A PERSONAL OR PRIVATE INTEREST SO AS TO REQUIRE DISCLOSURE AND PROHIBIT YOU FROM VOTING ON ISSUES AFFECTING THE ORGANIZATION, RAISES QUESTIONS OF FACT AND CANNOT BE ANSWERED AS A MATTER OF LAW. IN THE PREPARATION OF AN ATTORNEY GENERAL OPINION, THIS OFFICE IS NOT AUTHORIZED TO TAKE SWORN TESTIMONY OR EVALUATE FACTUAL ISSUES, AND ACCORDINGLY THE DEFINITIVE ANSWER TO THESE QUESTIONS LIES OUTSIDE THE SCOPE OF AN OPINION OF THIS OFFICE. THIS WAS RECOGNIZED IN A PREVIOUS OPINION OF THE ATTORNEY GENERAL, NO. 75-215 (JULY 24, 1975), WHERE THE ATTORNEY GENERAL HELD THAT WHETHER A LEGISLATOR HAS A PERSONAL OR PRIVATE INTEREST IN LEGISLATION IS A FACTUAL DETERMINATION THAT MUST BE RESOLVED BY THE PARTICULAR LEGISLATOR INVOLVED OR BY THE HOUSE TO WHICH HE HAS BEEN ELECTED. I WOULD SUGGEST YOU CONSULT THE HOUSE RULES TO SEE IF THEY PROVIDE YOU ANY MORE PRECISE GUIDANCE AS TO WHETHER YOUR BOARD MEMBERSHIP REQUIRES DISCLOSURE AND ABSTENTION FROM VOTING. IF THE HOUSE RULES HAVE NOT ADDRESSED THIS SITUATION, IN THE INTEREST OF CAUTION AND TO AVOID EVEN THE APPEARANCE OF IMPROPRIETY, YOU MAY WISH TO DISCLOSE YOUR BOARD MEMBERSHIP AND TO ABSTAIN FROM VOTING ON ANY MATTERS DIRECTLY AFFECTING CONTRACTS BETWEEN THE NON-PROFIT ORGANIZATION AND THE STATE.
(ROBERT A. BUTKIN)